[S. F. No. 1453.   Department Two.—February 16, 1901.]

## CHARLES MERRILL, Respondent, v. PACIFIC TRANSFER COMPANY, Appellant.

NEGLIGENCE OF CARRIER—LOSS OF TRUNK—PLEADING—VALUE—DAMAGES—WAIVER OF SPECIAL DEMURRER.—In an action against a transfer company for alleged negligence in the loss of a trunk, where the complaint sufficiently charged the negligence and loss, and set forth the reasonable value of the trunk and its contents in a specified sum, which the defendant refused to pay upon demand, and prayed judgment for said sum and interest, the failure of the complaint specifically to aver damages in that sum is merely ground of special demurrer, for the defective pleading of a material averment, which is not entirely absent, and, in the absence of such demurrer, the objection cannot be heard after issue joined and verdict and judgment had for the plaintiff.

ID.—LIMITATION OF LIABILITY—CONSTRUCTION OF CODE—KNOWLEDGE OF LIMITATION—CONSTRUCTIVE NOTICE.—Section 2176 of the Civil Code, providing for a limitation of liability in a contract for carriage of packages, trunks, or boxes, if accepted "with a knowledge of its terms," when the value of such property is not named, is not to be construed as requiring actual knowledge of its terms, but the limitation in the contract is operative if the person accepting the contract has actual notice of circumstances sufficient to put a prudent man on inquiry as to the existence of the limitation, in which case he is legally chargeable with knowledge thereof by constructive notice.

ID.—QUESTION FOR JURY—ERRONEOUS REFUSAL OF INSTRUCTION.—It is a question for the jury, upon proper instructions, to say whether, under all the circumstances as disclosed by the evidence, the plaintiff, in accepting a receipt or contract signed by the agent of the transfer company, had actual or constructive knowledge of the limitation of liability contained therein; and it was error to refuse to instruct the jury properly upon the subject of constructive notice of the limitation, and that, if they found he had such notice, it was no excuse for plaintiff to say that he did not read the limitation, if he had the free opportunity to do so.

ID.—GROSS NEGLIGENCE OF DEFENDANT—LIMITATION OF LIABILITY OVERCOME—QUESTION FOR JURY—APPEAL.—Under section 2175 of the Civil Code, if the defendant was guilty of gross negligence, the limitation of liability is thereby overcome, and the limiting clause does not exempt the defendant from the full measure of his liability, notwithstanding the actual or constructive knowledge of the limitation on the part of the plaintiff. But the question of gross negligence is one for the jury, under proper instructions, and this court cannot assume upon appeal that the case is one of gross negligence, rendering harmless the improper refusal of an instruction upon the question of constructive notice or knowledge of the limitation.

ID.—EVIDENCE—EXPENDITURES FOR WEARING APPAREL.—In the action for the loss of the trunk and its contents evidence is not admissible to show the expenditures made by the plaintiff for the wearing apparel contained in the trunk.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.   W. R. Daingerfield, Judge.

The prayer of the complaint was for judgment for the same sum, with interest, which was alleged in the complaint to be the reasonable value of the trunk and its contents, a schedule of which contents was attached to the complaint, showing that the trunk contained valuable jewelry and numerous other articles of value.   The original complaint alleged a total value of nine hundred and fifty dollars and sixty cents, which was changed by amendment to one thousand and fifty dollars.   Further facts are stated in the opinion of the court.

J. P. Langhorne, for Appellant.

The owner of the lost trunk was chargeable with constructive notice of the limitation of liability, and the court erred in

refusing to instruct the jury upon that question. (Civ. Code, secs. 18, 19, 2176; *Hopkins v. Westcott*, 6 Blatchf. 64; *Blossom v. Dodd*, 43 N. Y. 264[1]; *Woodruff v. Sherrard*, 9 Hun, 322; *Kirkland v. Dinsmore*, 62 N. Y. 171[2]; *Grossman v. Dodd*, 63 Hun, 324; *Madan v. Sherard*, 73 N. Y. 329[3]; *Zimmer v. New York Cent. etc. R. R. Co.*, 137 N. Y. 460.)

Samuel Knight, for Respondent.

"Knowledge" is distinct from "notice," and imports a condition of actual knowing. "Constructive notice" may exist without "knowledge." (Century Dictionary, tit. "Knowledge"; Civ. Code, secs. 18, 19.) Where there is no actual knowledge of the contents of a receipt given by a transfer company limiting its liability, the plaintiff is entitled to recover full value. (*Woodruff v. Sherrard*, 9 Hun, 322; *Grossman v. Dodd*, 63 Hun, 324, 326; *Madan v. Sherard*, 73 N. Y. 329[4]; 132 N. Y. 599; *Zimmer v. New York Cent. etc. R. R. Co.*, 137 N. Y. 460.) A limitation of liability does not apply to cases of negligence. (Ray on Negligence of Imposed Duties (Freight Carriers), 14, 54-56, 146, 147, 1023; *Pierce v. Southern Pacific Co.*, 120 Cal. 156, 165; *Compania de Navigacia la Flecha v. Brauer*, 168 U. S. 104; Civ. Code, sec. 2715.)

HENSHAW, J.—This action is brought by plaintiff, assignee of his wife, to recover from the defendant, a common carrier, damages for its failure to deliver a trunk and its contents. In its answer defendant denied that the loss of the trunk was occasioned through its negligence, and further as a special defense pleaded a contract for the carriage of the trunk by which the limitation of liability for its loss was one hundred dollars, and offered to allow plaintiff to take judgment for one hundred dollars in compensation for his injury. The case was tried before the court and a jury, and a verdict rendered in plaintiff's favor for nine hundred and fifty dollars. Defendant's motion for a new trial was denied, and from the judgment and from the order so denying its motion it prosecutes this appeal. The point was made in the lower court upon the motion for a new trial, and is pressed in this court, that the complaint is

[1] 3 Am. Rep. 701.          [3] 29 Am. Rep. 153.
[2] 20 Am. Rep. 475.         [4] 29 Am. Rep. 153.

not sufficient to sustain the judgment, in that it fails to allege
that plaintiff has sustained damage.   But however inartificially
it may have been drawn in this respect, the pleading sufficiently
charges the failure of defendant to deliver the trunk in accord-
ance with its contract, and avers that by its gross negligence
and that of its servants it lost the trunk, sets forth the rea-
sonable value of the trunk and of its contents, pleads that de-
fendant, though requested to pay the value of the same, has
refused to do so, and prays judgment in the sum of nine hun-
dred and fifty dollars.   Defendant by its answer treated this
as a sufficient pleading, made denial of the material allegations,
set up the special contract, and offered, as has been said, to
permit plaintiff to take judgment in the sum of one hundred
dollars.   The case throughout was tried upon the theory that
issue was joined upon these matters, and that the pleadings
sufficiently declared upon the issues.   It is too late after ver-
dict found and judgment rendered to raise the point.   (*Horn
v. Hamilton*, 89 Cal. 276.)   There was not here an absence of
a material averment.   It was the case of a material averment
defectively pleaded, and while the point might have been well
taken upon special demurrer, we think the objection may not
now be heard.   (*San Francisco v. Pennie*, 93 Cal. 465; *Thomp-
son v. De Kum*, 32 Or. 506.)

   The undisputed facts disclosed at the trial were, that Mr.
Merrill coming to San Francisco delivered to the agent of the
defendant transfer company certain brass baggage checks or
tokens, with the understanding that the baggage called for by
them was to be delivered at his house in San Francisco.   The
agent in return gave to Mr. Merrill a paper, upon which, with
printed matter, was written the check numbers, the name and
address of Mr. Merrill, and the signature of the agent.   This
paper over the signature of the agent contained the following:
"Read following conditions of this contract: This company will
not become liable for loss of or injury to merchandise, money,
or jewelry contained in baggage in any event nor for an amount
exceeding one hundred dollars, upon any trunk and contents,
or twenty-five dollars upon any valise or package and contents,
unless specially agreed for in writing.   If these conditions are
not acceptable, notify agent, otherwise the party accepting this

contract of carriage is bound thereby." The plaintiff, receiving the receipt, read the address to see if it was correct, and read the penciled memoranda. He read nothing else upon it. He was familiar with the usual method of the transaction of the business of the transfer company, had traveled a good deal, and had always been in the habit of giving his checks to and taking a receipt from the agent of the transportation company. It was light enough to read. There was time enough for him to have read the printed portion, but he could not with certainty have done so without using his eyeglasses. He did not, however, think to read it, nor attempt to read it. He put the receipt in his pocket. He does not recollect that he ever read the printed portion of any receipt. He read the printed portion of this one only after the trunk was lost. He did not know that there were conditions on the receipt. He regarded it merely as a receipt, as the only thing he had to connect him with his baggage. He paid the price usually charged, which was fifty cents for each trunk.

The trunk with other parcels of baggage was sent by the company in one of its wagons for delivery after nightfall. There was only one man in charge of the wagon. He of necessity in delivering baggage was compelled to leave his wagon standing in the street, unwatched and unattended. On returning to it after making a delivery, he observed that the trunk had been stolen. He delivered the other parcels at the Merrill residence, stating that this particular trunk had been overlooked and would be sent out later. He did not announce the theft, fearing that he would be detained and delayed, and thus prevented from catching a certain train to which he was under orders to deliver baggage.

Appellant complains of certain instructions given and refused by the court. Section 2176 of the Civil Code provides that "a passenger, consignor, or consignee, by accepting a ticket, bill of lading, or written contract for carriage, with a knowledge of its terms, assents to the rate of hire, the time, place, and manner of delivery therein stated; and also to the limitation stated therein upon the amount of the carrier's liability in case property carried in packages, trunks, or boxes, is lost or injured, when the value of such property is not named; and also to the

limitation stated therein to the carrier's liability for loss or injury to live animals carried.   But his assent to any other modification of the carrier's obligations contained in such instrument can be manifested only by his signature to the same." Defendant proposed an instruction as follows: "In regard to the so-called receipt given by defendant's agent to Mr. John F. Merrill, acting for Mrs. Merrill, it is claimed by plaintiff that it was received by Mr. John F. Merrill without notice of its terms or of the limitation of liability printed thereon.   Now, in regard to what constitutes notice, I instruct you that notice may be either actual or constructive.   Notice is actual when it consists in express information of a fact, and constructive when imputed by law.   Every person who has actual notice of circumstances sufficient to put a prudent man upon inquiry as to a particular fact has constructive notice of the fact itself in all cases in which, by prosecuting such inquiry, he might have learned such fact.   Accordingly, if you find that when the receipt in question was delivered by defendant's agents to Mr. John F. Merrill, acting for Mrs. Merrill, the circumstances of which Mr. Merrill had actual notice were such that a prudent man could and would have read the limitation as to liability in said receipt, then I instruct you that in law Mr. John F. Merrill, as agent of Mrs. Merrill, had due notice of such limitation of defendant's liability, and that it is no excuse of Mr. John F. Merrill to say that he did not then read said limitation of liability, if he had free opportunity to do so."

This instruction was refused, the court basing its refusal upon its construction of section 2176 of the Civil Code, which it held to mean that the passenger must have actual knowledge of the terms of the alleged contract, or his acceptance of it did not bind him.   It is observed that the instruction is framed upon the theory that if Mr. Merrill by all the circumstances of the case was put upon notice of the terms of the contract, he was in accepting it bound by them.

Coming to the law of the matter, section 18 of the Civil Code provides that notice is actual which consists of express information of a fact, and constructive which is imputed by law, and section 19, that every person who has actual notice of circumstances sufficient to put a prudent man upon inquiry as to a

particular fact has constructive notice of the fact itself in all cases in which by prosecuting inquiry he might have learned such fact. Mr. Merrill denied that he had actual knowledge of the limited liability clause of the contract. If actual knowledge alone would bind him, as was the theory of the trial court, the instruction was properly refused. The question is new in this state, but in New York, where it has frequently arisen, it has been uniformly held that the determination whether under all the circumstances the passenger was chargeable with knowledge under the doctrine of notice, actual or constructive, was for the jury, and that it is not sufficient for the passenger to disclaim actual knowledge. Thus, in *Madan v. Sherard*, 73 N. Y. 329,[5] it is said: "The fact that the receipt was printed in large type, and could be easily read, that it was received in the daytime, or when there was sufficient light to enable the traveler to read it, that he was acquainted with the methods of the business—these and other facts may be shown, not as conclusive against a recovery, but as bearing upon the ultimate fact to be proven that the plaintiff when he accepted the receipt knew of its limitations, or that it contained special terms for the carriage of the property." So, again, in *Kirkland v. Dinsmore*, 62 N. Y. 171,[6] it is said: "He [the passenger] cannot escape from the terms of a contract in the absence of fraud or imposition, because he negligently omitted to read it, and when the other party has a right to infer his assent, he will be precluded from denying it to the other's injury. The plaintiff is, we think, in that position. The contract was one which the parties might lawfully make. The defendant had a right to infer from the plaintiff's acceptance of the receipt without dissent that he assented to its terms. Now, after a loss has occurred it is too late to object that he is not bound. If he had objected at the time, the defendant would have been entitled to exact as a condition of carrying the parcel a compensation equivalent to the risk of insurers. The circumstances imposed upon the plaintiff a duty to read the receipt." Such, without further multiplying citation or quotation, is the true principle. Objection is made by respondent that knowledge is not synonymous with notice, and this is certainly true to the extent at

---

[5] 29 Am. Rep. 153.                    [6] 20 Am. Rep. 475.

least that the two words are not always interchangeable in meaning. Notice in one sense means the legal instrumentality by which knowledge is conveyed, or by which one is charged with knowledge. One having knowledge that he is a defendant in a suit is not bound to appear until there has been brought home to him the legal instrumentality of knowledge, a proper notice. But, upon the other hand, where the code speaks of actual and constructive notice, it means no more than that under the indicated circumstances a man is legally chargeable with knowledge. It is too narrow a view of the section—2176— of the code, therefore, to hold that the passenger can be charged with the conditions of the contract only by a showing of his actual knowledge of them. The knowledge itself may be imputed to him by conduct. The instruction in question was, therefore, improperly refused, for it was with the jury to say whether under all the circumstances, as disclosed by the evidence, Mr. Merrill had the actual or constructive notice or knowledge contemplated by the law.

But respondent makes further answer that, even if the court erred in its theory of the law of the case, and consequently in its refusal to give the offered instruction, the error was harmless because the evidence conclusively shows that the defendant was guilty of gross negligence, and that therefore, even if the passenger had knowledge of the limiting clause of the contract, it would not exempt the defendant in this case from the full measure of his liability for loss because of the fact that the loss was occasioned by its own gross negligence. In this reliance is had upon section 2175 of the Civil Code, to the effect that a common carrier cannot be exonerated by any agreement made in anticipation thereof from liability for the gross negligence, fraud, or willful wrong of himself or his servants. Such unquestionably is the law of this state. (*Pierce v. Southern Pacific Co.*, 120 Cal. 156.) But the question whether or not the common carrier was guilty of gross negligence was, in the first instance, one for the jury to pass upon under proper instructions from the trial court, and this court may not be asked to usurp the function of the jury and decide a question which has never been submitted to them.

It appears, therefore, that a new trial in this case must be ordered. In contemplation of such new trial only one further point demands consideration. The evidence offered and admitted in reference to the expenditure of Mrs. Merrill of the sum of three hundred dollars for wearing apparel should have been excluded. It could not have tended to enlighten the jury as to the actual damage which was suffered by the loss of the trunk, and it might well have tended to confuse them and mislead them into the belief that her expenditures in replacing wearing apparel, apart from and outside of the value of the contents of the trunk, were to be considered by them in assessing damages.

The judgment and order are, therefore, reversed.

Temple, J., and McFarland, J., concurred.