[S. F. No. 6608. In Bank.—January 16, 1914.]

## LISBETH H. CURTIS, Appellant, *v.* UNITED TRANSFER COMPANY (a Corporation), Respondent.

CARRIERS — LIMITATION OF LIABILITY — CONSTRUCTIVE KNOWLEDGE OF LIMITATION.—The knowledge of the limitation which will bring a case within the terms of section 2176 of the Civil Code, providing that a passenger, consignor or consignee by accepting a ticket, bill of lading or written contract for carriage, with a knowledge of its terms, assents to the limitation stated therein upon the amount of the carrier's liability in case property is lost or injured, may be constructive as well as actual.

ID.—TRANSFER COMPANY—RECEIPT, FOR TRUNK—KNOWLEDGE OF CONSIGNOR A QUESTION OF FACT.—In an action against a transfer company to recover damages for the loss of a trunk, in excess of the sum stated in the receipt given therefor limiting the liability of the carrier, it is a question of fact for the jury, not one of law for the court, to determine whether the plaintiff accepted the receipt with actual knowledge of its terms, or under such circumstances as constituted constructive knowledge in contemplation of law.

ID.—ASSENT OF CONSIGNOR—WHETHER SHOWN BY ACCEPTANCE OF RECEIPT OR BILL OF LADING.—The general rule that a consignor who, without objection, accepts from the carrier a bill of lading or receipt containing the terms of a contract of carriage, thereby assents to it and becomes bound by its terms, whether or not he has knowledge of them, under the rule of constructive notice, is contrary to section 2176 of the Civil Code, which declares that a consignor assents to the limitation only by accepting the contract with knowledge of the terms of the limitation. The mere taking and retention by the consignor of a paper containing such terms of limitation of liability does not of itself amount to assent to them, because such section expressly declares it shall not.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. John Hunt, Judge.

The facts are stated in the opinion of the court.

Perry Evans, for Appellant.

Henry H. Davis, for Respondent.

LORIGAN, J.—This is an appeal from a judgment against plaintiff on refusal to amend after demurrer was sustained to her complaint.

The judgment was affirmed by the district court of appeal for the first district and a further hearing granted by this court.

The action was to recover $414.35 as damages for the loss of a trunk and its contents delivered at the city of Oakland by plaintiff to defendant, a common carrier, for carriage to her address in the city of Berkeley.

The complaint alleged that plaintiff delivered the trunk to defendant who gave her a receipt therefor upon a printed form; that she did not read the receipt or form or know what was written or printed thereon, except that she read her name written thereon, until long after the loss of the trunk. It is then alleged that there was printed upon the said receipt a statement commencing with the words "Read Conditions of this Contract," and limiting the liability of the defendant for the loss of the trunk and its contents through the negligence of the defendant to the sum of fifty dollars unless otherwise specially agreed in writing and the extra risk paid for. The complaint further alleged: "That the said statement was entirely in fine print, and that each letter of each word thereof, including the said words 'Read Conditions of this Contract,' was less than one-sixteenth of an inch in height and less than one-sixteenth of an inch in width; that the plaintiff had no knowledge or notice of, or any reason or cause to know, the terms of the said purported contract or any thereof, or the nature or purpose of the said terms or any thereof, or that said receipt contained or purported to contain the terms of said contract of carriage, or any thereof, until long after the said loss of the said trunk and contents by the defendant."

The demurrer was for want of jurisdiction and want of facts.

It is provided by section 2176 of the Civil Code that "a passenger, consignor, or consignee, by accepting a ticket, bill of lading, or written contract for carriage, with a knowledge of its terms, assents . . . to the limitation stated therein upon the amount of the carrier's liability in case property . . . is lost or injured. . . . "

The demurrer to the complaint was sustained on the theory that upon the facts pleaded in the complaint plaintiff must be deemed as matter of law to have had constructive notice of the

conditions of limitation in the contract and was bound by them. This conclusion was reached by applying to the facts pleaded the rules laid down in sections 18 and 19 of the Civil Code; the one declaring that notice is actual or constructive— constructive notice being such notice as is implied by law, the other declaring that one who has actual notice of circumstances sufficient to put a prudent person on inquiry as to a particular fact, has constructive notice of such fact when by pursuing such inquiry he might have learned it. The reasoning is, that as the plaintiff pleaded no fraud, deceit, or artifice resorted to by defendant to prevent her reading the receipt or contract which was delivered to her, she should, as a prudent person, have done so; that if she had she would have known that it was a contract limiting the liability of defendant; that applying the sections as to constructive notice she must be deemed, as a matter of law, to have had all knowledge she would then have acquired, and cannot now assert her failure to read it or ignorance of its contents to overcome the legal effect of the paper as a contract between the defendant and herself.

It is conceded by appellant with respect to section 2176 of the Civil Code that the knowledge of the limitation which will bring the case within the terms of that section may be constructive, as well as actual. (*Merrill* v. *Pacific Transfer Co.,* 131 Cal. 582, [63 Pac. 915].)

What she contends for however is that under the facts pleaded in the complaint the question of constructive notice was a matter for the jury and not a question for the court as a matter of law.

We think this contention of appellant is correct.

It is true as a general rule, that a shipper or consignor who accepts a bill of lading or receipt containing the terms of a contract of carriage from the carrier without objection assents to it and is bound by its terms whether he has knowledge of them or not under the rule of constructive notice. But we do not think this general rule has any application under section 2176 of the code. In our opinion that section provides a rule directly to the contrary. It declares that a consignor assents to the limitation only by accepting the contract with knowledge of the terms of limitation. The mere taking and retention by the consignor of a paper containing such terms of

limitation of liability does not of itself amount to assent to them because the section expressly declares it shall not. In the absence of a special contract limiting the amount of the liability, the carrier would be responsible under its common law liability for the full value of the property delivered to it for carriage and loss, and while it may limit that liability by special contract, still under the section under consideration, this is only effected when such special contract is accepted by the shipper or consignor with knowledge of the terms of limitation. Knowledge by the consignor of the limitation is essential to the legal efficacy of such a special contract; a fact upon which it can alone be sustained, whether such fact appears by evidence of express information had by him of the contents of the receipt or contract when it was received and, hence, actual notice; or whether by proof of circumstances surrounding its receipt and constituting constructive notice. If, under the section, it may be declared by the court as matter of law from the fact pleaded of the acceptance merely of a receipt embodying the terms of limitation set out in the complaint that the plaintiff thereby had constructive notice of the limitation of liability, and, hence, knowledge of it which bound her, then there was little need of the statute declaring that assent to the limitation followed only ''by accepting (the paper) with a knowledge of its terms.'' If she had actual knowledge of its terms when she accepted it, of course, she was bound under the provisions of the section, but under the theory of respondent if she did not have knowledge of the terms she is bound anyway, because, as matter of law, by merely accepting it she had constructive notice of its terms which amounts to the same thing. We cannot agree with this view and are satisfied that under the section, whether the acceptance of such a receipt or paper by the consignor was with knowledge of its terms or not—that is whether it was accepted with actual knowledge or under such circumstances as constituted constructive notice or knowledge in contemplation of law, was a question of fact for the jury and not a matter of law for the court. Mere acceptance is not the controlling question. The section assumes in providing what shall constitute assent that there has been an acceptance—that is the carrier delivered and the consignee received, the paper. The controlling question is, Was there

an acceptance with knowledge of the terms of the limitation of liability? This is to be determined not merely from acceptance but from a consideration of all the circumstances, including acceptance, surrounding the transaction between the parties at the time the receipt was given and taken. From these it is for the jury to determine whether the plaintiff had actual knowledge that the paper was a contract when she received it or if not, whether the circumstances under which she received it were such as put her on notice of the contents of the instrument—constructive notice or, as that term imputes, knowledge implied by law. This question can properly be submitted to the jury under appropriate instructions on the subject, embracing the rule as to constructive notice, and the jury determine the fact, as we think it is its province to do.

While citing a number of cases from other jurisdictions to sustain the general rule relied on that knowledge of the terms of a contract is to be imputed as matter of law under the rule of constructive notice from its acceptance by the consignor, it is conceded by respondent that this rule has been departed from in cases where a *traveler* delivers his baggage to a local express company and receives a receipt or contract embodying terms of limitation in favor of the company; that it is then a question for the jury to say whether the circumstances of the acceptance of the receipt or contract by the *traveler* were such as to put him on notice of the contents of the receipt. Several cases are cited which are claimed to recognize this departure from the general rule, among others, our own case of *Merrill* v. *Pacific Transfer Co.,* 131 Cal. 582, [63 Pac. 915]. But in the Merrill case where this section 2176 was under consideration nothing was said of any distinction existing under it between cases where a traveler took the receipt and those cases where it was taken by other classes of consignors. It was simply an incident in the case that the plaintiff there was a traveler. No question of any distinction for that reason was involved and none of the cases cited from other jurisdictions relied on in support of such distinction involved a section similar in its terms to our section. Our section embraces in its application all consignors, and, hence, there can be no distinction between a traveler or any other consignor. They all come within its rule.

As to the Merrill case we deferred referring to it until considering the distinction which respondent assumes it declares as to the application of the section between travelers and other consignors. It not only does not make any such distinction but is authority directly to the proposition that the question whether a consignor, under the section, has either actual or constructive notice of the terms of limitation, is one of fact for the jury, to be determined from all the circumstances of the case.

The judgment is reversed with directions to the trial court to overrule the demurrer to the complaint and allow defendant to answer.

Melvin, J., Henshaw, J., Shaw, J., and Angellotti, J., concurred.