[S. F. No. 14250. In Bank.—July 1, 1931.]

BENJAMIN EDWARDS et al., Respondents, v. C. M. GULLICK et al., Appellants.

Leo J. McEnerney and Maurice J. Rankin for Appellants.

Bohnett, Hill & Campbell and L. H. Schellbach for Respondents.

PRESTON, J.—This action was brought to recover damages for personal injuries alleged to have been sustained by plaintiff Huldah T. Edwards as the result of an automobile accident, which occurred about 8:30 P. M., April 1, 1927, just beyond the point where the Berryessa road intersects the Oakland-San Jose highway at an acute angle.

The night was dark and the highway was wet and slippery from rain. Said plaintiff and her small daughter, as guests, and Mrs. Gullick, were riding in the rear seat of the closed car which defendant Gullick, was driving southerly along said Oakland-San Jose highway. The automobile driven by

defendant Murotsune was at the same time proceeding southwesterly along said Berryessa road; he reached the crossing and turned northerly into the highway. The headlights of his car shining on the wet road, or the allegedly wide turn made by him, misled defendant Gullick to believe that he intended to proceed straight across the highway in the path of the approaching Gullick car. At any rate, defendant Gullick, in an attempt to avoid what he thought was an imminent collision, applied his brakes and swung to the left and the two cars thereupon collided at about the center of the road.

As a result of the collision plaintiff sustained the severe and permanent injuries for which she seeks to recover by this action. Her complaint alleged and she throughout the trial maintained that both said defendants were negligent in the operation of their machines. The evidence in this behalf was not entirely free from conflict. There was evidence that defendant Murotsune may have made so wide a turn into the highway as to mislead defendant Gullick but there was more persuasive evidence that had defendant Gullick kept to the right, or his own side of the road, instead of turning to the left, and had he driven at a speed enabling him to keep his car more under control in traversing a wet road at night, the collision might have been avoided. At the conclusion of the trial the jury returned a verdict for plaintiff and against defendant Gullick in the sum of $6,000 and also returned a verdict in favor of defendant Murotsune.

From said judgment defendant Gullick has alone appealed upon the ground of errors in instruction and other alleged prejudicial errors occurring upon the trial. He also contends that plaintiff's cause of action has been abated by section 141¾ of the California Vehicle Act. Said statute, however, is not retroactive and does not affect causes of action existing on August 14, 1929, the date it took effect (*Callet* v. *Alioto,* 210 Cal. 65 [290 Pac. 438]).

The various alleged prejudicial errors complained of by appellant, errors in instructions, remarks which the jury was admonished to disregard, made by a juror and by counsel for plaintiffs, have all received consideration. It is our conclusion that none of these matters constitute reversible error nor do they merit detailed discussion.

■ One of the main points urged by appellant is that the court erred in instructing the jury that the doctrine of *res ipsa loquitur* had application to the facts of this case giving rise to the legal presumption that defendant Gullick was guilty of negligence and shifting the burden of proof to him to meet plaintiffs' *prima facie* case. Appellant asserts that the giving of this instruction was error and cites *Keller v. Cushman,* 104 Cal. App. 186, 189 [285 Pac. 399], and other cases. In that case no evidence was offered showing in what part of the intersection the collision occurred nor which of the two entered the intersection first nor which one had the right of way; no evidence was introduced showing which of the two drivers was at fault; they both admitted that they did not know whose fault it was or how the accident arose. With a record in this state a refusal to apply the doctrine was proper. But here we have several eye-witnesses to the occurrence and both plaintiffs and defendants gave in full their versions of the happenings which caused the collision. The objection to giving the instruction more properly lies in the fact that direct evidence was introduced by plaintiff showing the cause of the accident. But an examination of the instruction in the light of the evidence shows that its effect was harmless. First, the instruction required that the doctrine should apply to appellant, and to him only, if the plaintiff "was injured in an accident on account of the manner in which such automobile was operated . . . ", thus confining the jury to the operation of appellant's car and excluding expressly the operation of the other car. In view of this qualification the instruction did little more than to tell the jury that if appellant was in fact negligent, they might presume that a *prima facie* case of negligence had been made out. For if the manner in which one drives a car causes a collision, negligence can hardly be absent. Secondly, we must always keep in mind that the negligence of appellant in swerving from his side of the road to the other at the time of the collision was clearly established by the evidence. No miscarriage of justice has resulted.

The judgment is affirmed.

Richards, J., Shenk, J., and Seawell, J., concurred.

Rehearing denied.

Shenk, J., Curtis, J., and Langdon, J., dissented.