[Civ. No. 8674. First Appellate District, Division One.—April 17, 1933.]

WILLIAM M. GARDINER et al., Respondents, v. CHARLES L. HOGUE, Appellant.

John F. O'Sullivan, John J. Atheny, John A. Sullivan, ˋaniel W. Burbank and Pembroke Gochnauer for Appellant.

Elliott Johnson and Ford & Johnson for Respondents.

THE COURT.—Plaintiffs are husband and wife. The above action was brought to recover damages for injuries received by plaintiff last named which were alleged to have been caused by defendant's negligence. A jury returned a verdict against defendant, who has appealed from the judgment entered thereon. He was the owner and operator of an automobile in which plaintiff was riding as a guest. While descending a grade on Hampton Road in Piedmont defendant lost control of the car, which collided with a metal electrolier, causing the injuries. The grade was about thirteen per cent; the foot-brakes were defective and inadequate to control the car on the grade, and their condition was known to defendant. The car was started down the grade in second gear, but this was insufficient to hold the car in control, and the foot-brakes were then applied, without effect. Defendant then attempted to shift into low gear, but failed to effect the change, with the result that control was completely lost and the car was left running free in neutral. No attempt was made to apply the emergency brakes. Defendant admitted that the application of these brakes would probably have stopped the car, but claims that being suddenly confronted with an imminent danger he became frightened and failed to apply them. He contends that the evidence was insufficient to sustain a finding of gross negligence, and that in view of the peril in which he was suddenly placed he was required to exercise only that degree of care which a reasonably prudent person would have used under similar circumstances.

Gross negligence has been defined as a want of slight diligence (*Kastel* v. *Stieber*, 215 Cal. 37 [8 Pac. (2d) 474]; *Taylor* v. *Cockrell*, 116 Cal. App. 596 [3 Pac. (2d) 16]). The degree of care necessary to relieve a party from the implication of gross negligence, or what amount will sustain the charge, is necessarily a question of fact dependent upon the circumstances of the particular case, and is generally a question for the jury (*Meighan* v. *Baker*, 119 Cal. App. 582 [6 Pac. (2d) 1015]; *Malone* v. *Clemow*, 111 Cal. App. 13 [295 Pac. 70]). In view of defendant's knowledge of the defective condition of the brakes, the danger of attempting to descend the grade under the circumstances, and his failure to apply the emergency brakes, a question for the

jury was presented (*Phillips* v. *Pickwick Stages,* 85 Cal. App. 571 [259 Pac. 968]) ; and the jury having found that the defendant was grossly negligent, we cannot say that the finding is unsupported (*Merrill* v. *Pacific Transfer Co.,* 131 Cal. 582 [63 Pac. 915] ; *Krause* v. *Rarity,* 210 Cal. 644 [293 Pac. 62, 77 A. L. R. 1327]).

One invoking the rule which excuses the failure to exercise care in an emergency or sudden peril must have been without negligence on his part (19 Cal. Jur., Negligence, sec. 36, p. 598). Here it appears that the position of peril in which defendant found himself was due to his own neglect, which under the circumstances justified the conclusion that he was wanting in slight diligence.

He complains of a certain instruction as to violations of the California Vehicle Act with respect to brake equipment. It is claimed that this instruction charged that the jury might find that any violation of the act in any of these respects would constitute gross negligence regardless of the circumstances of the particular case. We do not so understand the instruction. However, the instructions must be considered as a whole, and the jury was fully and fairly charged as to what would constitute gross negligence; that the question of negligence was not absolute but relative to some circumstance of time, place or person, and that to warrant a recovery it must have been a proximate cause of plaintiff's damage; further, in order to determine whether defendant exercised slight care the jury must take into consideration all the facts and circumstances as revealed by the evidence in the case.

It is claimed that the court, by assuming the existence of negligence, erroneously charged on matters of fact. There is no merit in this contention as the charge does not reasonably bear this construction.

Lastly, it is urged that plaintiff's cause of action fell with the amendment to section 141¾ of the California Vehicle Act adopted in 1931. Previous to the amendment a guest might recover from the owner, driver or person responsible for the operation of a vehicle for injuries proximately resulting from the intoxication, wilful misconduct or gross negligence of such owner, driver or person responsible for its operation. The amendment, which took effect on August 14, 1931, omitted the words "gross negligence" from the statute.

As stated, the action was for personal injuries. The damage was sustained on November 3, 1930, and the suit was commenced on July 15, 1931. In cases of this character a right of recovery existed at common law; and, in accordance with the following decisions dealing with a similar act, the amendment in no way affected causes of action existing when it took effect (*Callet* v. *Alioto*, 210 Cal. 65 [290 Pac. 438]; *Krause* v. *Rarity, supra; Edwards* v. *Gullick*, 213 Cal. 86 [1 Pac. (2d) 11]).

The evidence was amply sufficient to prove gross negligence, and nothing appears to support the conclusion that anything complained of by defendant resulted in a miscarriage of justice.

The judgment is affirmed.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 15, 1933.