[Civ. No. 9306. Second Appellate District, Division One.—June 13, 1935.]

MARY J. JENNINGS, Plaintiff and Respondent, v. CHARLES DAY, Appellant.

W. I. Gilbert for Appellant.

Paul H. Bruns for Respondent.

THE COURT.—The plaintiff in this action sued for personal injuries sustained in an automobile collision and recovered judgment against the defendant Day alone, the court finding that the defendant Davidson had not been negligent. The defendant Day appeals from the judgment upon the ground that the evidence is insufficient to sustain a judgment against him and, also, that the judgment was the result of passion and prejudice predicated upon evidence relating to but not determinative of his liability.

The accident happened on Imperial highway near El Segundo. The highway extended in an easterly and westerly direction, Playa del Rey road intersecting it from the north

at a right angle. West of Playa del Rey road the highway turned to the south. This highway was just wide enough for two cars to pass and was on a descending grade from several hundred feet east of Playa del Rey road to and beyond the curve to the west. Plaintiff was traveling from east to west approaching Playa del Rey road at a speed of eighteen to twenty miles per hour. She saw the defendant Day's automobile coming toward her at what she estimated to be fifty miles per hour. When this car was about opposite or slightly east of Playa del Rey road and only a short distance from plaintiff's car, it suddenly stopped. The defendant Davidson was driving an automobile which was following that driven by the defendant Day, and when the latter stopped, in order to avoid a collision with this machine Davidson drove his automobile around it but into the path of the one driven by the plaintiff, which he had not seen approaching. The impact was between the plaintiff's car and that driven by the defendant Davidson, there being no collision between the automobile driven by the defendant Day and any other car. The negligence charged against the defendant Day is that he brought his car to a sudden stop without giving any signal.

The first point made by the appellant is that the evidence is insufficient to justify the finding that the defendant Davidson was not negligent. Appellant admits that if the court found that Davidson was guilty of negligence this would not excuse Day. He contends, however, that the trial court obviously ignored the evidence and found Day solely liable for the accident and that appellant was, therefore, not afforded a fair and impartial trial. Appellant cannot complain of the action of the trial court in finding that Davidson was not negligent. There is no right of contribution between two joint tort-feasors, and respondent is the only party aggrieved by the finding of the trial court. (*Forsythe* v. *Los Angeles Ry. Co.*, 149 Cal. 569 [87 Pac. 24].) The fact that the court found in favor of defendant Davidson does not indicate that Day did not have a fair trial.

Appellant next challenges the finding of the trial court that plaintiff was not negligent upon the ground that the evidence shows that she was operating her car at a speed in excess of that fixed by section 113 of the California Vehicle Act. (Deering's Gen. Laws, 1931 ed., Act 5128.) A

defendant pleading the defense of contributory negligence has the burden of proving not only that plaintiff was negligent, but also that such negligence was a proximate cause of the injuries complained of. Whether or not a negligent act was a proximate cause of injury is usually a question of fact to be determined by the court or jury from the evidence.
█ Assuming that the plaintiff in this case was negligent in driving her car at a speed in excess of that fixed by statute, it does not follow as a matter of law that she would have escaped injury had she been traveling at a lesser speed. (*Gett* v. *Pacific G. & E. Co.*, 192 Cal. 621 [221 Pac. 376].) The finding of the trial court "that the plaintiff was not in any manner or at all contributorily negligent in connection with the said collision of automobiles" is not contrary to the evidence, for it would be a proper finding if the court determined that the plaintiff was guilty of negligence which did not proximately contribute to the happening of the accident. The further finding that no act of the plaintiff did "contribute to or cause, either directly or indirectly, the said collision" is also to be considered in this connection.
█ The final point made by the appellant is that the evidence establishes that the decision of the trial court was the result of passion and prejudice. As supporting this contention, appellant asserts that certain evidence moved and influenced the trial court to find that he was negligent. If an appellate court were ever justified in considering such a point, it would only be where it was made in the court below on motion for a new trial, supported by affidavits showing specific facts evidencing the improper action of the trial judge. Nothing but the finding against the appellant and in favor of his codefendant is offered to support the charge that a fair trial was not had. On the other hand there is sufficient evidence to support the finding of the trial court against the appellant, and if there is any foundation for the criticism of the trial judge's findings, it has not been shown here.

The judgment is affirmed.

A petition for a rehearing of this cause was denied by the District Court of Appeal on July 12, 1935, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 12, 1935.