[Civ. No. 11093. First Appellate District, Division One.—June 24, 1940.]

MARY K. KOSTOUROS, Respondent, v. MAY O'CONNELL et al., Appellants.

Yale S. Kroloff and Appelbaum & Mitchell for Appellants.

Elmer P. Delany for Respondent.

PETERS, P. J.—Defendants appeal from an order granting plaintiff's motion for a new trial, after verdict and judgment for defendants. The motion was granted on the ground of insufficiency of the evidence.

It is now settled by a long line of cases that where the testimony in the court below is in substantial conflict, the action of the trial court in granting a new trial upon the ground of insufficiency of the evidence will not be disturbed. The appellate court may not reverse such an order unless a verdict in favor of the moving party would not find legal

support in the evidence. (See cases collected 2 Cal. Jur., p. 940, sec. 554.) Tested by these standards there can be no doubt of the propriety of the trial court's action in the instant case.

While crossing on foot from the west to the east side of Laguna Honda Boulevard at the Forest Hill Station in San Francisco, plaintiff was struck by an automobile driven by Bernice O'Connell and owned by defendant May O'Connell. It is defendants' contention that the evidence demonstrates that plaintiff was guilty of contributory negligence as a matter of law.

The injury occurred on January 17, 1938, between 8 and 9 o'clock P. M. The weather was clear, visibility good, and the street well-lighted. There are two clearly marked pedestrian crosswalks across Laguna Honda Boulevard at the Forest Hill Station, twenty feet apart on the west side of the street, and forty feet apart on the east side. At the southerly crosswalk is a ''Stop-Go'' traffic signal which is operated by pedestrians pressing a button on a control box. Except when thus operated the signal shows ''Go'' for automobile traffic running north or south on Laguna Honda Boulevard, but, when the button is pressed by pedestrians, appropriately placed signals read ''Stop'' for such traffic.

Plaintiff, a trained nurse, was on her way to work. She alighted from a streetcar in the tunnel at the Forest Hill Station, and took an elevator to the surface. She came out of the door of such station near the northerly crosswalk. She testified that it had been her intention to go to the south crosswalk to place the signal in operation, but observed a man approaching the signal, and therefore crossed the street in the northerly crosswalk. She testified that, before starting across the street, she waited until she heard the bell ring and saw the red light go on to halt automobile traffic; that she looked for oncoming vehicles and saw one, not connected with the accident, coming from the north; that she could see none approaching from the south; that she started to walk across the street within the limits of the north crosswalk; that she had proceeded about three-quarters of the way across when she observed the car driven by Bernice O'Connell approaching from the south, about fifty feet away. This would place the O'Connell car just about opposite the red light bordering on the southerly crosswalk. She further testified that at

that time she was about fifteen feet from the curb on the east side of the street; that the O'Connell car was then about ten or fifteen feet from the sidewalk; that it was approaching at about thirty miles per hour; that after observing the car and its position she paid no further attention to it and continued walking across the street; that the automobile ran into her when she was about five feet from the curb; that she was struck by the right front fender of the automobile; that no horn was blown, nor did she hear the screeching of brakes.

This is a fair summary of the plaintiff's testimony. It is true that testimony in conflict therewith was offered by defendants, but on this appeal we are not concerned with the merits of the controversy—we are simply concerned with the question as to whether there was any evidence, contradicted or uncontradicted, that would support a verdict for the plaintiff had such a verdict been rendered.

Defendants do not seriously urge that the driver of the car, as a matter of law, was free of negligence. Clearly, the jury could have found negligence on the part of such driver. It is the theory of defendants, however, that the evidence above-summarized demonstrates that, after plaintiff became aware of the presence of defendants' automobile, she continued in her path without regard for her own safety under such circumstances that it must be held, as a matter of law, that she was guilty of contributory negligence. In this connection, both in their briefs and on the oral argument, defendants place their greatest reliance on the case of *Foy* v. *Carlton*, 29 Cal. App. (2d) 575 [85 Pac. (2d) 220]. In that case the appellate court affirmed a judgment in favor of defendant based on a directed verdict, granted on the ground that plaintiff was there guilty of contributory negligence as a matter of law. In that case the plaintiff started across an intersection, there being no marked crosswalk at that spot, after first observing the car of defendant some three hundred fifty or four hundred feet away; that when part way across the street, but a few feet to the side of a safety zone, he again observed defendant's car racing toward him at about sixty miles per hour; that at that time the automobile was fifty or sixty feet away; that he nevertheless continued forward, without looking, another step or two when he was hit. The trial court held that, for a pedestrian to thus step from a place of safety beside a safety zone directly into the path

of the automobile of defendant, which plaintiff knew was approaching but fifty or sixty feet away at sixty miles an hour, was contributory negligence as a matter of law. This was affirmed. The mere statement of the facts in the two cases demonstrates the differences between them. In the Foy case there was no traffic signal, while in the present case, according to plaintiff's testimony, the O'Connell car went through the red "Stop" signal. In the Foy case the defendant's car was approaching at sixty miles an hour, while in the instant case the defendants' car was approaching at thirty miles per hour; in the Foy case there was no marked crosswalk for pedestrians, while in the instant case there was. Of course, a pedestrian, even though he has the right of way, is not permitted to plunge ahead directly into the path of an obvious and known danger, and then successfully impose liability on the defendant. ■ However, the question of proximate cause is generally one for the trier of the fact, and it is only in those rare cases where reasonable minds cannot differ on the question that a court is justified in taking that question from the trier of the fact. ■ Obviously, in the present case, reasonable minds can differ as to whether plaintiff exercised due care for her own safety. Plaintiff was in a crosswalk, plainly marked, guarded by "Stop" signals. Certainly she was not required to assume that the driver of the O'Connell car would not only violate the law by going through the red light, but would also swerve to the right, as she must have done if plaintiff's story is to be believed. Having observed the car some fifty feet away traveling at thirty miles an hour, knowing she was protected by a "Stop" signal, knowing she was but fifteen feet from the curb, and knowing she had the right of way, it can at least be said that reasonable minds may differ on the question as to whether, in proceeding forward without keeping a constant watch on the O'Connell car, plaintiff did what any reasonable person would have done under the circumstances. It must be held, therefore, and the conclusion seems obvious to us, that the evidence was conflicting, and that the granting of the motion was well within the discretion of the trial court.

The order appealed from is affirmed.

Knight, J., and Ward, J., concurred.