[Civ. No. 11485.   First Appellate District, Division Two.—March 17, 1941.]

THE PEOPLE, Appellant, v. ONE 1933 BUICK SEDAN, ENGINE No. 2849843, Defendant; GENERAL MOTORS ACCEPTANCE CORPORATION (a Corporation), Respondent.

Earl Warren, Attorney-General, and J. Albert Hutchinson, Deputy Attorney-General, for Appellant.

Robert G. Partridge and Leo M. Cook for Respondent.

STURTEVANT, J.—The plaintiff brought this action under the provisions of division X, chapter 7, article I of the Health and Safety Code to obtain a judgment of forfeiture. The action was tried by the trial court sitting without a jury. Later it made findings against the plaintiff and from the judgment entered on the findings the plaintiff appealed. The findings included the following:

"V.

"That it is true that the said H. E. Hauger and the said General Motors Acceptance Corporation at the time of said sale and the creation of said conditional sales contract had no knowledge that the said automobile was intended to be used or would be used thereafter in the unlawful transportation of narcotics.

"VI.

"That it is true that said conditional sales contract was signed and entered into by H. E. Hauger after a reasonable investigation by the said H. E. Hauger and General Motors Acceptance Corporation of the moral responsibility, character and reputation of the purchaser thereof, towit, the said William Steele."

All parties concede that the substantive law, on the subject of forfeiture, has been settled. But the case presents questions of practice and procedure. The plaintiff contends that those two findings are not sustained by the evidence and that the judgment should be reversed. In section 11620 it is provided: "The claimant of any right, title, or interest in the vehicle may prove his lien, mortgage, or conditional sales contract to be *bona fide* and that his right, title, or interest was created after a reasonable investigation of the moral responsibility, character, and reputation of the purchaser, and

without any knowledge that the vehicle was being, or was to be, used for the purpose charged.'' In brief said statute imposes on the claimant who would resist a forfeiture to prove that his title '' . . . was created (1) after a reasonable investigation of the moral responsibility, character, and reputation of the purchaser, (2) and without knowledge that the vehicle was being, or was to be, used for the purpose charged.'' (Parentheses ours.)

William Steele was the purchaser. At Klamath Falls in Oregon he bought the car from H. E. Hauger who is engaged in dealing in second-hand automobiles. After Hauger had negotiated a conditional sales contract he assigned his contract to General Motors Acceptance Corporation, the intervener.

Before making the sale Hauger caused Steele to execute a questionnaire or statement regarding his prior activities, employments, and acquaintances. Later Hauger interviewed the persons named. The persons named who were in San Francisco were interviewed by the agents of General Motors Acceptance Corporation. Hauger interviewed C. A. McCleery, Harry Mozier, Sub Ebinger, Frank Carey, Mel Thurston, Jess Knighton, Wiley Knighten, Paul Williams, Shorty Cleek, and Chester N. Weaver, and the keepers of records of crimes and traffic offenses at Klamath Falls. Said persons included Steele's taxi drivers, employees, boarding house keeper and known associates. The population of Klamath Falls does not appear. There is no showing that the persons interviewed were not representative of the neighborhood in which Steele lived. Each of the said persons spoke favorably of the moral responsibility, character, and reputation of Steele except as follows. Both in the written statement Steele made, and in the interviews Hauger made, it transpired that Steele had been a card dealer in a tavern. That fact considered together with other testimony raised a conflict in the evidence. Not every card dealer is a man of bad moral character. No presumption or inference against him may be predicated on that fact. Furthermore it was for the trial court to weigh the facts. We are unable to say that finding VI was not sustained by the evidence.

After Steele had purchased the 1933 Buick it was registered in Oregon and was licensed in that state. Later it was brought into this state. While here and while being

operated by one Conboy the act of illegal use was performed. Who Conboy is, what his relations to Steele may or may not be, the record is wholly silent. Under all of the foregoing facts the trial court made finding V. The plaintiff also attacks it. The plaintiff stresses the fact that when Hauger was making the investigation above mentioned he was informed that at times the purchaser, Steele, had been a ''card dealer''—that such was his occupation at the time he purchased the car. The plaintiff then earnestly contends that such fact was constructive notice from which it necessarily follows that Hauger and General Motors Acceptance Corporation had implied knowledge and that therefore said finding is not sustained by the evidence. We find no merit in that contention. To invoke the principle contended for the record must show some fact or facts inquiry about which will be relevant to knowledge of the fact which is to be elicited. (Civ. Code, sec. 19.) ''To charge one with notice 'the facts must be such as ordinarily to excite inquiry with reference to the particular fact which inquiry is designed to elicit.' '' (*Zeller* v. *Milligan,* 71 Cal. App. 617, 624 [236 Pac. 349].) On the mere fact that one has been a card dealer it may not be assumed, as a matter of law, that if he buys an automobile it will be used in illicit traffic in narcotics. The most that could be said would be that a suspicion might be aroused, but a suspicion is not enough. (*Vassault* v. *Austin,* 36 Cal. 691, 698; *Goodman* v. *Simonds,* 20 How. 61 (U. S.) 343, 363 [15 L. Ed. 934].) The question is primarily one of fact and the determination of the trier of the facts is controlling in this court. (*Merrill* v. *Pacific Transfer Co.,* 131 Cal. 582, 587–589 [63 Pac. 915].)

The judgment appealed from is affirmed.

Nourse, P. J., and Spence, J., concurred.