[Civ. No. 13224.   Second Dist., Div. Three.   June 11, 1942.]

LILLIAN J. SPINNER et al., Appellants, v. LOS ANGELES RAILWAY CORPORATION (a Corporation), Respondent.

Lowell L. Dryden for Appellants.

Gibson, Dunn & Crutcher for Respondent.

WOOD (Parker) J.—Plaintiffs, husband and wife, appeal from an order granting defendant's motion for a nonsuit, and from a judgment dismissing the action after granting said motion. Trial was by jury. The action was for damages resulting from personal injuries to the wife, Lillian J. Spinner, hereinafter referred to as plaintiff.

The wife, a passenger for hire, on a bus operated by defendant, a common carrier, was injured as a result of a collision between the bus and an automobile at an intersection. The bus was going west on 59th Place. The automobile was going south on West Boulevard. A boulevard stop sign had been erected, according to law, at the east entrance to said intersection requiring vehicles approaching West Boulevard from the east on 59th Place to stop before entering the intersection. There was no boulevard stop sign at the north entrance to said intersection requiring vehicles approaching 59th Place from the north on West Boulevard to make such a stop.

Plaintiff testified that she was sitting in the right front seat of the bus next to the aisle; that after the impact she was on the floor of the bus; that her knees struck the interior of the bus; that she was injured and was treated therefor by a physician.

Plaintiff's daughter, who was a passenger on the bus, testified: that she was two or three rows from the back of the bus; that at the time the bus entered West Boulevard it did not come to a "complete" stop; that, "Well, it got to the intersection, it hesitated and went on"; that, "It proceeded to the approximate center of West Boulevard, suddenly swinging to the left to avoid the accident. Then it swerved to the right into the curb—on 59th Place"; that after the impact she saw plaintiff on the floor; that at the time the bus swung to the left, when it was about in the center of West Boulevard, a car was coming from the right on West Boulevard north of 59th Place, but she could not say how far away it was.

An ordinance of the city of Los Angeles, offered as an

exhibit by plaintiffs, was received in evidence. At the time of such offer, counsel for plaintiffs referred to the ordinance as "showing the due erection of a boulevard stop sign on 59th Place as it enters West Boulevard." Counsel for defendant then said: "I will stipulate that it is a boulevard stop. No question about it." The document so received in evidence does not show that it is a boulevard stop ordinance. By reason of said stipulation, however, it will be considered there was such an ordinance at the time of the collision as that which counsel for plaintiffs said he was offering in evidence.

On motion of plaintiffs the action was dismissed as to defendants sued under fictitious names.

When plaintiffs rested, defendant made a motion for a nonsuit upon the ground there was no evidence tending to prove negligence on the part of defendant, and no evidence that defendant's negligence, if any, was a proximate cause of the injuries. The motion was granted.

██ Appellants contend that they were entitled to the benefit of the doctrine of res ipsa loquitur, and that the inference created by such doctrine made a prima facie case. This contention must be sustained.

In *St. Clair* v. *McAlister*, (1932) 216 Cal. 95, 98 [13 P. (2d) 924], the plaintiff, a passenger on a bus, was injured in a collision between the bus and an automobile at an intersection, and one of the questions therein was whether the doctrine of res ipsa loquitur applied. The court stated: "It was the duty of the carrier to exercise 'the utmost care and diligence for the safe carriage' of the plaintiff (§ 2100, Civ. Code), and upon showing that she was a passenger and was injured while being carried as such, a presumption of negligence arose, as to which it was incumbent on the carrier to show that it was free from negligence. (*Scarborough* v. *Urgo*, 191 Cal. 341 [216 Pac. 584].) We have no hesitancy in saying that the plaintiff produced proof entitling her to invoke the doctrine contended for by her."

In *Dieterle* v. *Yellow Cab Co.*, (1939) 34 Cal. App. (2d) 97 [93 P. (2d) 171], the plaintiff, a passenger in a taxicab, was injured in a collision between the cab and an automobile at an intersection, and one of the questions was whether the doctrine of res ipsa loquitur applied. The court stated (p. 100): "In presenting their [plaintiffs'] case to the trial court they were entitled to the presumption embodied in the doctrine of res ipsa loquitur."

Respondent contends that the doctrine of res ipsa loquitur has no application in this case, in that, plaintiffs pursued their remedy against the carrier alone; and further that plaintiffs proved the sole proximate cause of the accident was the negligence of the driver of the automobile.

The statement that plaintiffs pursued their remedy against the carrier alone is based upon the fact that plaintiff dismissed the action as to fictitious defendants, including Two Doe, alleged in the complaint to be the driver of the other car.

In *Holt* v. *Yellow Cab Co.*, (1932) 124 Cal. App. 385 [12 P. (2d) 472], plaintiff, a passenger in a cab, was injured in a collision between the cab and another vehicle. The driver of the other vehicle was not a defendant. It was there argued that the doctrine of res ipsa loquitur should not be applied in such a case involving the actions of the other driver. The court (p. 389) said: "This contention is without merit (*Edwards* v. *Gullick*, 213 Cal. 86 [1 P. (2d) 11]). In the case before us, the driver of the other car *was not a defendant*, and in its instructions the court confined the application of the doctrine to a consideration of the operation of the taxi cab (*Kilgore* v. *Brown*, 90 Cal. App. 555 [266 Pac. 297]). . . ." (Italics added.)

In support of its contention, above stated, respondent cites the case of *Gritsch* v. *Pickwick Stages System*, (1933) 131 Cal. App. 774 [22 P. (2d) 554]. That action was against Pickwick Stages System alone. Plaintiffs were passengers on the stage operated on a marked through highway. At an intersection the stage was struck by an automobile driven by one Hamilton. On page 777, it was stated: "The evidence introduced by plaintiffs, as well as that offered by defendant, showed that Hamilton failed to stop before entering the boulevard, that he entered the intersection while driving at a speed of thirty miles an hour and crashed into the side of the stage." On page 784, it was stated: "Bearing in mind that the operator of the Buick was not joined as a party defendant in this case, but that the negligence of the stage alone was charged as the sole proximate cause of the accident we must conclude that the respondents elected to confine their charge of negligence to the one instrumentality and to thus limit the application of the *res ipsa loquitur* doctrine to the operator of that instrumentality. Where this is done, and upon plaintiffs' own case it appears that another independent instrumentality was involved in the collision and that *it is reasonable to infer* from

the evidence adduced that the operator of that instrumentality *was alone guilty of negligence,* the primary principle of the doctrine is lacking because it is just as feasible for the plaintiffs to prove the negligence of the operator of the second car as it is for the defendant to explain it.'' (Italics added.) On page 785, it was stated: ''But where, as here, the plaintiff sues the carrier alone and then *proves an independent act of negligence for which the party charged was not responsible,* her case is nowise different from a supposititious case where some malefactor might have maliciously wrecked the stage in the course of its progress along the highway. In other words, when plaintiffs' proof shows the *actual* cause of the collision which is other than negligence of the party sought to be charged, there is no room for an inference that he was negligent under this doctrine.'' (Italics added.)

It is to be noted that some of the distinctions between the present case and the Gritsch case are: the complaint in the present case alleged concurring negligence on the part of the Los Angeles Railway Corporation and Two Doe, the operator of the other vehicle, and that as a proximate result of the negligence of each plaintiff sustained injuries (not the negligence of the carrier alone as in the Gritsch case); from the proof in the present case ''it was not reasonable to infer'' that the operator of the other vehicle ''was alone guilty of negligence,'' as it was reasonable to infer in the Gritsch case; plaintiff in the present case did not prove ''an independent act of negligence for which the party charged was not responsible''; plaintiffs' proof did not show that ''the *actual* cause of the collision was other than the negligence of the party sought to be charged,'' as was shown in the Gritsch case; the proof in the present case was that it was the *carrier that failed to make the boulevard stop,* whereas in the Gritsch case it was not the carrier but the driver of the other car who failed to make the boulevard stop, and he alone was the one shown to be guilty of negligence (the reverse of the situation here); there was no proof in the present case as to the speed of the carrier or of the other car, but there was proof as to the speed of the other car (thirty miles per hour) in the Gritsch case; in the present case, before the collision, the bus suddenly swerved to the left, but in the Gritsch case the stage did not change its course, it was on an arterial highway and was not crossing an arterial highway (as the bus here was) without making a boulevard stop; in the present case the only

testimony concerning the other car was that when the bus swung to the left, a car, an unknown distance away, was coming from the right on West Boulevard north of 59th Place.

It thus appears that the factual situation in the present case is practically the opposite from that in the Gritsch case. The fact that plaintiffs dismissed the action as to Two Doe and thereby did not "pursue" their remedy against the operators of both vehicles, does not alter the charge of plaintiffs that both defendants were guilty of concurring negligence and that the negligence of each was a proximate cause of the injuries. In the Gritsch case it was held that the res ipsa loquitur doctrine did not apply for the reason, among others, that plaintiffs proved that the driver of the other vehicle was alone guilty of negligence. Here the plaintiffs did not prove or attempt to prove that Two Doe was alone guilty of negligence, and such dismissal by plaintiffs did not signify, of course, that plaintiffs considered the dismissed defendant, Two Doe, to be alone guilty of negligence, and did not indicate, as stated in the Gritsch case at page 784, that ". . . it is just as feasible for the plaintiffs to prove the negligence of the operator of the second car as it is for the defendant to explain it." Though a complaint alleges only joint negligence, it states a separate liability against each defendant, and a plaintiff may proceed against joint tort feasors jointly or severally. (*Shea* v. *City of San Bernardino*, (1936) 7 Cal. (2d) 688, 694 [62 P. (2d) 365].) In the case now before the court, as stated in *Holt* v. *Yellow Cab Co.*, *supra*, (page 389), wherein the driver of the other car *was not a defendant*, ". . . it would seem that this passenger for hire should be entitled to an explanation from the carrier, as to why such a collision occurred. . . ."

Under the circumstances here the dismissal as to Two Doe did not affect the right of plaintiffs to the benefit of the doctrine of res ipsa loquitur.

■ Irrespective of the point hereinabove discussed relative to the doctrine of res ipsa loquitur, the motion for a nonsuit should not have been granted. There was testimony in behalf of plaintiff that at the time the bus entered West Boulevard it did not make the boulevard stop. The defendant was guilty of negligence *per se* in violating the ordinance which required that such a stop be made. (*Hurtel* v. *Albert Cohn, Inc.*, (1936) 5 Cal. (2d) 145, 147 [52 P. (2d) 922].) Whether such negligence was a proximate cause of the injuries to plaintiff was

a question of fact to be determined by the jury from the evidence. (*Jennings* v. *Day,* (1935) 7 Cal. App. (2d) 555, 558 [46 P. (2d) 193] ; *Kostouros* v. *O'Connell,* (1940) 39 Cal. App. (2d) 618, 622 [103 P. (2d) 1028].)

The order granting the motion for a nonsuit, as entered in the minutes, was as follows: "Defendant moves for a nonsuit and the motion is granted." Such minute entry did not indicate an intention of the court that a formal judgment of dismissal should be entered. Inasmuch as the order granting the nonsuit, as entered in the minutes, itself constitutes the final judgment, the formal judgment is without significance. (*McColgan* v. *Jones, etc.,* (1938) 11 Cal. (2d) 243 [78 P. (2d) 1010] ; *Southern Pac. R. Co.* v. *Willett,* (1932) 216 Cal. 387, 390 [14 P. (2d) 526] ; *Lewis* v. *Hammond Lumber Co.,* (1931) 114 Cal. App. 390, 391 [300 Pac. 49].)

The formal judgment of dismissal is vacated, and the order granting the motion for a nonsuit is reversed.

Schauer, P. J., and Shinn, J., concurred.