[L. A. No. 13607. In Bank.—July 25, 1932.]

EVA M. ST. CLAIR, Respondent, v. RAYMOND P. Mc-
ALISTER et al., Defendants; BAY CITIES TRANSIT
COMPANY (a Corporation), Appellant.

B. P. Gibbs and W. Jefferson Davis for Appellant.

Fogel & Beman and Orlando H. Rhodes for Respondent.

SHENK, J.—This is an appeal from a judgment for the plaintiff in an action for damages for personal interest.

The plaintiff's injuries were the result of a collision between a passenger bus operated by the defendant company and a Ford automobile operated by Raymond P. McAlister, a minor. The defendants, G. N. McAlister and Beatrix McAlister, are husband and wife and are the parents of the minor. The parents were sued because of the negligence imputed to them upon their assumption of liability in the issuance of an operator's license to the minor son pursuant to the provisions of the California Vehicle Act. The trial court, sitting without a jury, found for the plaintiff and entered judgment against the defendant corporation and the defendant parents. The McAlisters have not appealed and the judgment against them has become final. The corporation is the sole appealing defendant.

The collision occurred about 8 o'clock A. M. on October 14, 1927. The bus was traveling in an easterly direction on Carlyle Street at its intersection with Tenth Street in the city of Santa Monica. The bus had stopped at the southwest corner of the intersection to discharge a passenger. The driver of the bus, Earl Dawes, then started the bus, entered the intersection and when it reached approximately the center thereof was traveling at a speed variously estimated at from seven to twelve miles per hour. It was then struck by the Ford car just behind the left front fender of

the bus. The bus stopped almost instantly. The speed limit applicable to the Ford at this point was fifteen miles per hour and it was being operated at the time of the collision at the rate of from twenty-two to twenty-five miles an hour. The minor testified that he did not see the bus until he was about three feet from it, owing to the fact that he was looking eastwardly at the time.

In the complaint negligence in general terms was charged. It was stipulated at the trial that the plaintiff was a passenger for hire on the bus at the time of the accident; that the bus was owned by the defendant corporation; that Earl Dawes was the driver of the bus at the time and that he, as the employee of the corporation, was acting as such within the scope of his employment. The plaintiff then proved the extent of her injuries, which were serious, and produced evidence which showed the manner in which the bus was operated at the time of the collision and further showed the details of the operation of the Ford car by the minor. This evidence, beyond question, proved negligence on the part of the driver of the Ford car. Based on his negligence the judgment was rendered against his parents. The driver of the bus was not produced as a witness by either party and no showing was made by the defendant corporation, or otherwise, that the driver of the bus could not have avoided the accident except by inference and conclusions drawn from the evidence of the facts above stated, and particularly from the evidence which showed in detail the conduct of the driver of the Ford car.

As to the defendant corporation the trial court, on the showing made, applied the doctrine of *res ipsa loquitur*. Whether this rule was correctly applied to the facts forms the principal basis of the controversy on the appeal.

It is not disputed that the burden was on the plaintiff to prove her cause of action against all the defendants by evidence sufficient to entitle her to recover. As to the bus company, under the pleadings, a *prima facie* case was established when the plaintiff proved that she was being carried as a passenger on the bus and that the injury was caused by the manner in which said defendant used or directed the instrumentality under its control. (*Connor* v. *Atchison etc. Ry. Co.*, 189 Cal. 1 [26 A. L. R. 1462, 207 Pac. 378]; *McCurrie* v. *Southern Pac. Co.*, 122 Cal. 558

[55 Pac. 324]; *Osgood* v. *Los Angeles etc. Co.*, 137 Cal. 280 [92 Am. St. Rep. 171, 76 Pac. 169].) It was the duty of the carrier to exercise "the utmost care and diligence for the safe carriage" of the plaintiff (sec. 2100, Civil Code), and upon showing that she was a passenger and was injured while being carried as such, a presumption of negligence arose, as to which it was incumbent on the carrier to show that it was free from negligence. (*Scarborough* v. *Urgo*, 191 Cal. 341 [216 Pac. 584].) We have no hesitancy in saying that the plaintiff produced proof entitling her to invoke the doctrine contended for by her.

The evidence offered by the defendant corporation to rebut the presumption consisted in the main in proving the negligence of the driver of the Ford car as to which all parties have agreed. As noted, the driver of the bus was not a witness and his employer offered no proof the effect of which would show that the driver could not have avoided the collision by the exercise of due caution. In the presence of the presumption it cannot be said as a matter of law that the trial court erroneously applied the doctrine.

 But the defendant corporation insists that the evidence of the conduct in detail of the driver of the Ford car, and particularly that produced by the plaintiff removed the case from the application of the doctrine of *res ipsa loquitur*, and that such proof showed the collision to be due solely to the negligence of the driver of the Ford car. We cannot agree. The plaintiff was confronted with a situation where, in charging concurrent negligence, she was entitled to the application of the doctrine upon proof of her status as a passenger on the bus while the same was being operated by the bus company and the resultant injury from such operation. But as to McAlister, she was bound to prove his negligence by a preponderance of the evidence without the aid of the presumption. This she could not do except by proving the particular acts which constituted such negligence. By producing such proof it should not be held that she waived or forfeited her right to invoke the doctrine as to the defendant's carrying her as a passenger. (*Kilgore* v. *Brown*, 90 Cal. App. 555, 560 [266 Pac. 297].)

 Another point made by the bus company is that, assuming the doctrine of *res ipsa loquitur* to be applicable, the plaintiff has failed to sustain the burden of proving

negligence on the part of the company by a preponderance of the evidence. The argument is grounded on certain language in *Scarborough* v. *Urgo, supra,* where, in discussing the effect of the presumption arising under the doctrine of *res ipsa loquitur,* the court said at page 346: "Such a presumption is evidence in the case, but it has no greater or different effect than the testimony of witnesses, and in no degree changes the rule as to the burden of proof, viz., the burden of producing a preponderance of evidence." The language just quoted as a correct statement of the law need not be questioned. But it does not follow therefrom that where there is no proof, or where, as here, there is insufficient proof, to rebut the *prima facie* showing contemplated in the application of the doctrine, such showing, supplemented by the presumption, would not constitute proof by a preponderance of the evidence.

The judgment is affirmed.

Seawell, `J., Curtis, J., Preston, J., Langdon, J., Waste, C. J., and Tyler, J., *pro tem.,* concurred.