[Civ. No. 6258.   Third Appellate District.—February 1, 1940.]

VICTOR H. KEHLOR, Respondent, v. IVAN C. SATTER-LEE, Appellant.

Butler, Van Dyke & Harris for Appellant.

Gerald M. Desmond and Carlson & Carlson for Respondent.

TUTTLE, J.—This action was brought to recover damages for personal injuries sustained by plaintiff when the mo-

torcycle he was riding collided with another motorcycle operated by a fellow member of the California highway patrol. Defendant was the driver of an automobile, and it was contended that the injuries suffered by plaintiff were due to the negligence of such driver. The jury brought in a verdict in favor of defendant, and the trial court granted plaintiff's motion for new trial, upon the sole ground of the insufficiency of the evidence to support the verdict. This appeal is from the order granting the motion.

The accident happened about one mile north of Hood on the River Road in Sacramento County. This road, at the scene of the collision, is a curve some 800 feet in length. It is a 16-foot concrete road upon the top of the levee, with no obstruction whatever as to view, and daylight prevailed. Respondent and his fellow officer, Cockerton, were both on motorcycles, proceeding south at about 40 miles per hour. Respondent was in the rear, about 50 feet behind. Two cars approached from the other direction, going north, at a speed of 45 miles per hour. When respondent was about 100 feet away from the first automobile, the second automobile, driven by appellant, started to pull out into the left lane, in an attempt to pass the car ahead. Evidently seeing the motorcycle, and realizing that he could not safely pass, appellant dropped back into the right lane, immediately in the rear of the first car. In the meantime, the first motorcycle passed safely by. The second motorcycle, ridden by respondent, overtook and ran into the rear of the first motorcycle, inflicting the injuries for which compensation is sought. It was contended by respondent at the trial that the negligence of defendant in attempting to pass another car on a curve was the proximate cause of the collision between the two motorcycles. Appellant here contends that plaintiff was guilty of contributory negligence, and that this appears in the record as a matter of law.

The general rule governing appellate courts in reviewing the action of a trial court granting a motion for new trial is too well known to require the citation of authorities. Such an order, when it is predicated upon the insufficiency of the evidence, will not be disturbed upon appeal, except upon a showing of clear and manifest abuse of discretion on the part of the trial court in respect to the granting of the same. This rule is subject, however, to the

qualification "that such discretion is not a right to the exertion of the mere personal or arbitrary will of the judge, but is a power governed by fixed rules of law, and to be reasonably exercised within those rules, to the accomplishment of justice". (*Harrison* v. *Sutter St. Ry. Co.*, 116 Cal. 156 [47 Pac. 1019].)

The rule is simple in its application when there is a *substantial conflict* in the evidence upon the issues to be decided. In such case, our inquiry need proceed no further, as the trial court was at liberty to find either way. If there be no conflict, the discretionary power of the trial court still remains, as stated by this court in the case of *Otten* v. *Spreckels,* 24 Cal. App. 251–257 [141 Pac. 224] :

"Moreover, even in cases where there may not appear to be a conflict in the evidence, and where all the proofs seem to be favorable to the one or the other of the parties litigant, the question as to probative force or evidentiary value of the testimony, in a proceeding on a motion for a new trial based upon the ground that the evidence is insufficient to justify the verdict, is one whose determination is with the trial court."

The facts in this case are practically without conflict. Appellant points out that plaintiff testified that his brakes were in good condition; that he could stop his motorcycle going 40 miles an hour, within a distance of 50 feet; that he was about 100 feet away when he first saw defendant start to pass the leading automobile. Appellant argues that plaintiff should have stopped or slowed up sufficiently to avoid hitting the motorcycle in front of him, and that his conduct, under the circumstances, was such that but *one conclusion* could be reasonably drawn therefrom—contributory negligence upon the part of plaintiff. If this were the entire picture, we would be inclined to agree with the contention. But the story is only half told. The automobiles and the motorcycles were approaching from opposite directions at a speed of at least 40 miles per hour. When plaintiff first saw respondent start to turn out, it was only a matter of a second or two before they would meet in a head-on collision, unless either or both deviated from their course. Plaintiff could not anticipate that defendant would commit an act of negligence in attempting to pass a car on a curve with two motorcycles approaching him, and which were only 100 feet away, and when all vehicles were proceed-

ing at a speed of 40 miles per hour. If defendant saw the motorcycles approaching, under such conditions, it might have been negligence for him to attempt to pass. If he could not see them, it might have been negligence to attempt to pass when his view of the road was obstructed by the car in front of him. These, of course, were matters for the consideration of the jury. Suddenly confronted with this seeming imminent danger, plaintiff was not required to exercise that degree of care which is ordinarily required by law. He was required to act only as a reasonably prudent man would act under similar circumstances. Whether he was in a position of imminent danger was a question of fact for the jury. (19 Cal. Jur., p. 599, sec. 36.) Likewise, this was a question of fact to be decided by the trial court in passing upon the motion for a new trial. We therefore cannot say, as a matter of law, that plaintiff was guilty of contributory negligence. There was no abuse of discretion upon the part of the trial court in granting the motion.

Concluding, the following excerpt from the Spreckels case, *supra*, clearly indicates the view which an appellate court should take in considering an appeal of this character:

"But so long as a case made presents an instance showing a reasonable or even fairly debatable justification, under the law, for the action taken, such action will not be here set aside, even if, as a question of first impression, we might feel inclined to take a different view from that of the court below as to the propriety of its action. . . . The opportunities of the trial court, in such instances, for reaching just conclusions are, in a general thing, so superior to our own, that we will not presume to set our judgment against that of the former, where there appears any reasonable room for difference."

The order is affirmed.

Pullen, P. J., and Thompson, J., concurred.