[Civ. No. 7218. Third Dist. May 2, 1946.]

EDGAR ARMSTRONG et al., Appellants, v. PACIFIC GREYHOUND LINES (a Corporation) et al., Respondents.

Lloyd Hewitt and Manwell & Manwell for Appellants.

Gerald M. Desmond and Philip C. Wilkins for Respondents.

THOMPSON, J.—Plaintiffs have appealed from a judgment rendered pursuant to the verdict of a jury in favor of Pacific Greyhound Lines and Rodney O. Nelson, the driver of the bus, in a suit for personal injuries received by paid passengers thereof as the result of a collision with a Ford automobile driven by the codefendant, Boyd. A verdict was also returned and a judgment rendered against Boyd for the sum of $15,000 and costs. The defendant Boyd has not appealed. The only issue on appeal is the alleged error of the trial court in instructing the jury in regard to the doctrine of res ipsa loquitur that it was necessary only for the Greyhound Lines and its driver of the bus to affirmatively prove facts *sufficient to offset the inference of negligence* created by the application of that principle. In other words, the jury was charged that it was not necessary for the appellants to refute the inference by a *preponderance* of the evidence.

The Pacific Greyhound Lines, a corporation, owned and operated the bus which was involved in the collision with an automobile on the highway between Roseville and Lincoln, at approximately 11:45 o'clock p. m. on November 23, 1943. Rodney O. Nelson, who had been employed as a driver of the Greyhound busses for three years, was operating the bus at the time of the accident. Loren P. Boyd was driving the Ford automobile which caused the accident. The plaintiffs were riding as paid passengers on the bus. The corporation and the drivers of both machines were sued as joint tort feasors. At the trial the plaintiffs furnished substantial evidence of the cause of the accident and of the negligence of the defendants, but also relied on the doctrine of res ipsa loquitur. There was a conflict of evidence regarding the assumed negligence of the Greyhound Lines and its driver Nelson. Boyd defaulted and he was not present at the trial. Nelson, the driver of the bus, and another disinterested witness, testified to facts tending strongly to refute the respondents' negligence.

There is ample evidence to support the verdict and judgment exonerating the Greyhound Lines and its driver, Nelson, from negligence. That fact is not disputed. James H. Scritchfield, who was a passenger on the bus, testified that the bus was traveling six miles beyond Roseville at about forty miles an hour on its proper side of a practically straight level highway when he saw the headlights of an approaching machine on its proper side of the highway; that when the Ford machine reached a point about 100 or 150 feet away it began to cross the white line onto the wrong side of the highway; that Nelson, the driver of the bus, applied his brakes and pulled his machine further over to his right hand side onto the shoulder of the roadway to avoid the collision; that "it happened so quick," and when the witness "saw this Ford was coming over on the bus' side, and I knowed it was going to hit, . . . I threw my hands up like this (indicating) then fell down into the floor." He said that the Ford crashed into the bus and struck about at the front wheel on the left hand side. Scritchfield's evidence was favorable to the respondents. He testified to no fact that would indicate that the driver of the bus was not thoroughly alert and exercising utmost diligence for the safety of his passengers.

Mr. Rodney Nelson, the driver of the bus, testified that he had been employed as a driver for the Pacific Greyhound Lines for three years; that the bus was in good mechanical condition; that he had on board twenty-one passengers, among whom were the plaintiffs; that he left Roseville for Lincoln at 11:15 o'clock p. m., on schedule time, and that he was driving along a straight stretch of highway with his left hand wheels about two feet from the center white line at approximately thirty-five or thirty-eight, not more than forty, miles per hour; that there was a shoulder on his side of the highway; that when he first saw the approaching machine it was about three-quarters of a mile away traveling on its proper side of the highway; that as it came nearer he saw its headlights "bobbing up and down," from which he concluded it was traveling rapidly; that when it was only about one hundred or one hundred and fifty feet away the Ford machine suddenly swerved across the white line directly toward the bus. He testified that after the Ford machine crossed the white line onto his side of the highway only two or three seconds elapsed before the crash occurred. He said "I didn't have more than time to swing the car and take my foot off the gas,

and put on the brake." He estimated that the Ford was traveling sixty or sixty-five miles per hour. The bus driver testified that he was traveling at a moderate rate of speed, far over on his proper side of the highway; that he used his dimmers to warn the driver of the approaching Ford car when he was half a mile away; that he kept watching him traveling along his proper side of the highway, and that when he suddenly swerved across the white line at a distance of only one hundred or one hundred and fifty feet, he had no time to do more than to pull his bus to the right, to take his foot off the gas and to apply the brake. The crash threw the bus to its right side and locked the steering gear. Nelson was thrown from his seat, but evidently clung to the wheel. The bus became uncontrollable. It ran a short distance and went off the shoulder and toppled over, seriously injuring both the plaintiffs and the bus driver. The driver was confined to a hospital for some time.

The foregoing evidence supports the verdict in favor of the respondents with the implied determination that the accident occurred and the plaintiffs were injured without fault or negligence on the part of the Pacific Greyhound Lines or the bus driver. The appellants do not challenge the sufficiency of the facts to support the verdict. The facts are related only to show the relevancy of the instruction to the jury upon the burden of proof and the weight of evidence, sufficient to refute the inference of negligence which may be deduced by application of the doctrine of res ipsa loquitur.

We are of the opinion the court did not err in charging the jury upon the subject of res ipsa loquitur, or otherwise. The jury was very fully and fairly instructed upon every essential issue of the case. The jury was charged that it was the duty of the Pacific Greyhound Lines, as a common carrier, to exercise utmost care for the safety of its passengers, to provide everything necessary for that purpose, and to use a reasonable degree of skill, to that end. (Civ. Code, § 2100.) The correctness of those and all other instructions is conceded by the appellants, with the exception of the following statement with respect to the doctrine of res ipsa loquitur:

"In making such a showing, it is not necessary for a defendant to overcome the inference by a preponderance of the evidence. Plaintiff's burden of proving negligence by a preponderance of the evidence is not changed by the rule just

mentioned. It follows, therefore, that in order to hold the defendant liable, the inference of negligence must have greater weight, more convincing force in the mind of the jury, than the opposing explanation offered by the defendant.

"If such a preponderance in plaintiff's favor exists, then it must be found that some negligent conduct on the part of defendant was a proximate cause of injury; but if it does not exist, if the evidence preponderates in defendant's favor, or if in the jury's mind there is an even balance as between the weight of the inference and the weight of the contrary explanation, neither having the more convincing force, then the verdict must be for the defendant."

The foregoing quoted language is a correct statement of the law. It was a part of the instruction on the subject of res ipsa loquitur, the balance of which is conceded by the appellants to have been proper. It had no application to the plaintiffs' affirmative proof of alleged negligence of the respondents, which was fully covered by other proper instructions. The jury could not have been misled into believing that the foregoing language with reference to the doctrine of res ipsa loquitur deprived it from considering plaintiffs' affirmative evidence tending to show that appellants were guilty of negligence.

It is true that the doctrine of res ipsa loquitur may be applicable to suits for personal injuries sustained, against the owners or operators of different vehicles, as joint tort feasors, who are charged with concurrent negligence. (*St. Clair* v. *McAlister*, 216 Cal. 95 [13 P.2d 924]; *Dieterle* v. *Yellow Cab Co.*, 34 Cal.App.2d 97 [93 P.2d 171].) Nor will the introduction of evidence by plaintiff, tending to affirmatively show the actual cause of the accident, necessarily preclude him from the benefit of the doctrine of res ipsa loquitur. (*Leet* v. *Union Pac. R. R. Co.*, 25 Cal.2d 605, 620 [155 P.2d 42, 158 A.L.R. 1008].)

The rule is uniformly established that the inference of negligence on the part of an alleged tort feasor, which may be deduced by the jury or the trial court on the doctrine of res ipsa loquitur, in a proper case, is rebutted by adequate evidence or explanation of the cause of the casualty which merely equals or offsets the inference or proof of such negligence. (*St. Clair* v. *McAlister, supra; Scellars* v. *Universal Service Everywhere*, 68 Cal.App. 252, 257 [228 P.

879]; 45 C.J. §§ 783, 784, p. 1219, et seq.; 38 Am.Jur. §§ 309-311, p. 1006, et seq.) In the St. Clair case the Supreme Court quotes with approval from *Scarborough* v. *Urgo,* 191 Cal. 341 [216 P. 584], as follows:

" 'Such a presumption is evidence in the case, but it has no greater or different effect than the testimony of witnesses, and in no degree changes the rule as to the burden of proof, viz., *the burden of producing a preponderance of evidence.*' " (Italics added.)

The court adds to the foregoing quotation the statement that, "The language just quoted as a correct statement of the law need not be questioned."

In the Scellars case, *supra,* in which a judgment for plaintiff was reversed, the appellate court said regarding the burden of proof and the weight of evidence necessary to refute the inference of negligence where the doctrine of res ipsa loquitur is properly invoked:

"In cases where the maxim *res ipsa loquitur* is applicable the plaintiff is not relieved from the burden of proof generally required in suits for damages; the defendant need only meet plaintiff's proof by evidence of equal weight. (*Rathbun* v. *White,* 157 Cal. 248 [107 P. 309]; *Cody* v. *Market St. Ry. Co.,* 148 Cal. 90 [82 P. 666].)"

In 45 Corpus Juris at page 1220 the rule is stated as follows:

"The burden on defendant is merely that of going forward with the evidence, as distinguished from the burden of establishing the affirmative of the issue by a preponderance of the evidence, which is sometimes confused therewith, and that defendant has successfully discharged his burden when he has introduced evidence of *sufficient weight to offset the presumption in the minds of the jury and produce a balance in their minds on the question of its truth.*" (Italics added.)

To the same effect is the text in 38 American Jurisprudence, previously cited, which is supported by numerous authorities from this and other jurisdictions. We are cited to no authority which holds the contrary regarding that rule of evidence. ▮ The inference of negligence, which the jury may draw from an application of the doctrine of res ipsa loquitur, in a proper case, is in the nature of indirect evidence, but the conclusion therefrom that negligence exists is not

mandatory. (Code Civ. Proc., §§ 1957, 1958.) On the contrary "A presumption is a deduction *which the law expressly directs to be made* from particular facts." (Code Civ. Proc., § 1959.) Our code makes a clear distinction between an inference and a presumption. "An inference must be founded: 1. On a fact legally proved; and 2. On such a deduction from that fact as is warranted by a consideration of the usual propensities or passions of men, the particular propensities or passions of the person whose act is in question, the course of business, or the course of nature." (Code Civ. Proc., § 1960.)

■ In the present case the term "inference" was properly used in the challenged instruction. It was favorable to the plaintiffs. The court charged the jury that the inference "is a form of evidence," which must be weighed by the jury and that "if the inference preponderates over contrary evidence, it warrants a verdict for the plaintiff against the Pacific Greyhound Lines." The jury was elsewhere fully and properly instructed upon the definition of what is meant by the burden of proof. (*Crooks* v. *White*, 107 Cal.App. 304 [290 P. 497].) In the case last cited a judgment for the defendant, involving the doctrine of res ipsa loquitur in an automobile casualty suit, was affirmed. The court said, "All that defendant was required to do was to produce evidence sufficient to offset the effect of plaintiffs' showing." The court further held that the prevailing party is entitled to full weight of all evidence adduced upon the subject of the prima facie showing of the inference, together with all reasonable inferences that may be drawn therefrom, and that the reviewing court is bound by the determination of the jury in that regard, where there is substantial evidence to support the verdict. It said:

"The rule is well settled that, even though all facts are admitted or uncontradicted, nevertheless, if it appears that either one of two inferences may reasonably be deduced from those facts, there still remains a question of fact to be determined by the jury, and that the verdict of the jury cannot be set aside by a reviewing court on the ground that it is not sustained by the evidence. In reviewing a question of this kind, all inferences, reasonably possible from the evidence, favorable to the prevailing party, must be indulged by this court. [Citing authorities.]

"Applying these rules to the evidence in the case at bar, we cannot say, as a matter of law, that the jury's verdict finds no support in the evidence."

In the preceding case the court further said that if the appellants desired further explanatory instructions upon the subject of the weight of evidence or the burden of proof regarding the inference which is created by the doctrine of res ipsa loquitur, it was their duty to request them, and upon failure to do so, they waived that privilege. Many authorities were cited in support of that principle.

In the present case there was a strong affirmative showing on the part of the Greyhound Lines and the driver of the bus that they exercised "utmost care and diligence" and a reasonable degree of skill, for the safety of its passengers, and to avoid the collision. (Civ. Code, § 2100.) It was the sole province of the jury to determine from all of the evidence adduced, including the inference relied upon, whether the prima facie case thus presented by the plaintiffs was adequately met or balanced by the affirmative showing of the mechanical condition of the bus, the conduct of its driver and the circumstances of the transaction. As is said in *Michener* v. *Hutton,* 203 Cal. 604, at page 608 [265 P. 238, 59 A.L.R. 480], the doctrine of res ipsa loquitur applies " 'where the accident is such as, in the ordinary course of things, would not have happened if proper care had been used.' " That case further states that the doctrine does not change the rule as to the burden of proof, and that where the inference is properly invoked, all that is necessary is for the defendant to "adduce evidence *to meet the plaintiff's prima facie case.*" (Italics added.)

We conclude that the court did not err in giving to the jury the instruction which included the preceding quoted language with relation to the burden of proof and the weight of evidence necessary to meet the inference of negligence.

The judgment is affirmed.

Adams, P. J., and Peek, J., concurred.