[Civ. No. 16883.   Second Dist., Div. Two.   Oct. 25, 1949.]

MUSA HAAK, Respondent, v. SOUTHERN CITIES TRANSIT COMPANY (a Corporation), Appellant.

Tripp & Callaway and Hulen C. Callaway for Appellant.

Charles A. Thomasset and Howard Hemenway for Respondent.

McCOMB, J.—From a judgment in favor of plaintiff after trial before the court without a jury in an action to recover damages for personal injuries, defendant Southern Cities Transit Company appeals.

FACTS: Plaintiff, a woman 71 years of age, was a passenger on defendant's bus. She arose from her seat when the bus approached the corner of Long Beach and Compton Boulevards for the purpose of alighting. The bus was stopped opposite and just east of a telephone pole to which was attached a call box located approximately 4½ feet from the ground. Plaintiff in alighting from the bus was required to go to the right of the pole because another lady was entering the bus from the left of the pole. She stepped down two steps and then across from the bus to the curb. While doing so she was watching her steps. As she stepped on the curb she struck her head on the call box causing her serious injury. Plaintiff had noticed the call box on the pole.

QUESTION: *Did the trial court commit prejudicial error in failing to find that plaintiff was guilty of contributory negligence as a matter of law?*

This question must be answered in the negative. The power of an appellate court begins and ends with the determination as to whether there is any substantial evidence contradicted or uncontradicted which will support a ques-

tioned finding of fact. (*Estate of Isenberg,* 63 Cal.App.2d 214, 217 [146 P.2d 424].)

In the instant case the evidence discloses that plaintiff was a woman 71 years of age who stepped from the bus downward two steps then across an intervening area to the curb; that she could not go to the left of the telephone pole in front of her because another passenger who intended to board the bus was standing there; that in descending from the bus plaintiff watched where she was stepping, and having reached the curb, she raised her head and struck it against the call box which was attached to the pole.

Clearly it was a question for the trier of fact whether or not plaintiff, in acting as she did, acted as a reasonably prudent person under similar circumstances similarly situated would have acted. Reviewing the factual situation confronting a woman of plaintiff's age, the fact that she knew the call box was attached to the pole would not of itself have necessitated a finding that plaintiff was contributorily negligent in view of the other circumstances related. The determination of the trier of fact, supported as it is by substantial evidence, that plaintiff was not contributorily negligent is binding upon this court.

*Crawford* v. *Shenango Valley Traction Co.,* 102 Pa. Super. Ct. 440 [157 A. 40], *Lasater* v. *Oakland Scavenger Co.,* 71 Cal.App.2d 217 [162 P.2d 486], *Bischell* v. *State of California,* 68 Cal.App.2d 557 [157 P.2d 41], *Collier* v. *Los Angeles Ry. Co.,* 60 Cal.App.2d 169 [150 P.2d 206], *Bosserman* v. *Olmstead,* 77 Cal.App.2d 236 [175 P.2d 49], and similar cases cited by appellant are factually distinguishable from the present case and therefore not controlling.

Affirmed.

Moore, P. J., and Wilson, J., concurred.