[Civ. No. 19459.   Second Dist., Div. One.   July 1, 1953.]

COUNTY OF LOS ANGELES, Respondent, v. CHARLES
    B.  CARPENTER,  SR.,  et  al.,  Defendants;  THEO
    ALICE DRYSDALE et al., Appellants.

Robert E. Rosskopf for Appellants.

Harold W. Kennedy, County Counsel, and Arthur Love-
land, Deputy County Counsel, for Respondent.

SCOTT (Robert H.), J. pro tem.—Defendants appeal from
a judgment in a condemnation proceeding, asserting as the
sole ground of appeal that the amount of the award is in-
adequate.

Four parcels of land are involved embracing 22 lots divided among the parcels with two lots in one parcel, and five, seven and eight respectively in the others. These lots made up a strip of level land 25 feet wide and 2,311 feet long, with a total area of about 1⅓ acres. They were taken for street purposes.

The trial court awarded $110 for each parcel divided equally among the owners of the lots within the parcel. Appellants assert that the awards were so grossly inadequate as to amount to confiscation.

■ Experienced and qualified appraisers called as expert witnesses for plaintiff testified that the highest and best use of the lots in the 25-foot strip was for road purposes. A nominal value was placed on each parcel, the highest amount testified to by a witness for plaintiff being the amount awarded to defendants.

Defendant Carpenter was the only witness for defendants as to value. He fixed values substantially higher than plaintiff's witnesses and considered that their highest and best use was "to put small houses on them." The total valuation placed by him was $11,500. It appears that this witness owns part of the property and his mother and sister own the rest. This sole witness, however, was confronted at the trial of this case with testimony he had given in another case brought by a school district to acquire land including certain larger lots owned by this same witness. These lots are contiguous to and immediately east of three of the lots being acquired in this proceeding. He testified in that case that access to the larger lots was over this 25-foot strip. An award was made to him in the other case for the larger lots with that testimony by this same witness before the court. In this case, now before us, the witness claimed that there is a 50-foot alley which provided access to these larger lots but qualified that claim by testifying that, "I believe part of it was used as an alley. It had been graded on occasions, it is not in daily use." The trial court determined that it was a 15 (and not 50) foot alley.

Appellants state that the trial court found "that the evidence was insufficient to establish an existing private or public easement" over the subject property. This does not appear in the findings signed by the court. There was testimony to indicate that there was actual use of the property as a roadway and that it had been so used by individuals and vehicles for more than five years. All of these matters were properly

considered by the trial court in evaluating the testimony of the only witness called by defendants who testified as to the value of the property.

Analysis of evidence and arguments as to the weight to be given it are included in the brief filed by appellants. We have no doubt that these matters were presented to the trial court and were carefully considered.

■ "When . . . there is presented for review simply a question of fact from which reasonable minds might draw different conclusions this court is bound by the findings of the trier of facts." (*Aboudara* v. *City & County of San Francisco,* 114 Cal.App.2d 630, 632, 633 [251 P.2d 32].)

■ "[A]s to the sufficiency of evidence to support findings, it is the time honored rule that all substantial conflicts must be resolved in favor of the respondent, and all legitimate and reasonable inferences indulged in to uphold the findings if possible." (*Richter* v. *Walker,* 36 Cal.2d 634, 640 [226 P.2d 593].)

Judgment affirmed.

White, P. J., and Doran, J., concurred.