224 F.2d 857
 Doris Bernice SHACKELFORD, Alan Ray Shackelford and Larry William Shackelford, Minors, by Doris Bernice Shackelford, Their Guardian ad Litem, Appellants,
v.
MISSION TAXICAB COMPANY, Inc., a Corporation; Robert Goodrick and Buford H. Shipman, Appellees.
 No. 14350.
 United States Court of Appeals Ninth Circuit.
 July 23, 1955.
 
 Rockwell & Fulkerson, Harold H. Fulkerson, San Rafael, Cal., for appellants.
 Bronson, Bronson & McKinnon, George K. Hartwick, John F. Ward, San Francisco, Cal., for appellees.
 Before DENMAN, Chief Judge, BONE, Circuit Judge, and JAMES M. CARTER, District Judge.
 DENMAN, Chief Judge.
 
 
 1
 Appellants, widow and children of William T. Shackelford, deceased, and plaintiffs below in a diversity suit, appeal from a judgment denying them recovery against the defendant Taxicab Company, its owner and driver, for the killing of Shackelford in a collision between the taxicab and a Studebaker car in Santa Clara County, California.
 
 
 2
 The collision occurred on a straight, level road at about 2:30 a. m. on a clear moonlit night, two nights after full moon, the motor travel there being infrequent. The Studebaker in the easterly lane, the lefthand side of the four lane highway, was proceeding southerly in the wrong direction. The taxicab with its driver and two sailor passengers was proceeding northerly on its righthand side of the highway when the collision occurred.
 
 
 3
 While in an ordinary automobile collision the burden of proof is always on the plaintiff, in California where a taxicab is a public vehicle and there is an inference of its negligence in collision cases, the burden is on those responsible for its operation to go forward and present "evidence sufficient to meet or balance the inference of negligence".[1] To satisfy this burden a common carrier must produce evidence tending to show either (1) a definite cause for the accident in which there exists no element of negligence on the part of appellees, or (2) such care in all possible respects as necessarily lead to the conclusion that the accident could not have been caused by want of a high degree of care on the part of the appellees.[2] The burden is only that of going forward with sufficient evidence on these issues.
 
 
 4
 The district judge, sitting without a jury, found not only was the inference overcome and that the taxi driver operated the car "with all due care and caution" at the time of the collision, but held affirmatively that the taxi driver was not negligent.
 
 
 5
 There were but two witnesses who saw the collision. The taxicab driver testified viva voce, the surviving sailor by deposition. The sailor in his deposition stated that he had no definite recollection of the conditions just before the collision but before that, the driver had been talking to the two sailors and turning his head away from the road ahead. The driver denied the sailor's statement and testified he was watching constantly the road ahead of him and only looked down from time to time for a fraction of a second at his speedometer, as it was his duty to keep his speed at the permissible 55 miles per hour. He suddenly saw the Studebaker at a distance of between 85 and 100 feet and the collision occurred. Photographs show that the two cars were nearly head on when they met.
 
 
 6
 The appellants contend that the taxi driver could not have kept a proper watch of the road ahead of him or he would have seen the Studebaker lights earlier and hence he violated the requirement of the high degree of care of the Bourguignon case, supra.
 
 
 7
 We think that the district court's specific findings that the taxicab was operated "with all due care and caution" could be inferred from the taxi driver's testimony that he was exercising such care, and that the court could further infer that the reason he did not see the Studebaker sooner was because it suddenly entered the traffic lane in which the taxicab was travelling, was then headed in the wrong direction, and thus ran into the taxicab.
 
 
 8
 The question, of course, is not whether we would have drawn the same inference if we had seen the taxi driver and heard his evidence. Certainly the findings of the trial judge are not "clearly erroneous" under Fed.Rules Civ.Proc. rule 52 (a), 28 U.S.C.A. by which we are controlled in such cases as these.
 
 
 9
 The judgment is affirmed.
 
 
 
 Notes:
 
 
 [1]
 Williams v. City of Long Beach, 1954, 42 Cal.2d 716, 268 P.2d 1061; dicta, Burr v. Sherwin Williams Co., 1954, 42 Cal.2d 682, 691, 268 P.2d 1041, 1046; Hardin v. San Jose City Lines, 1953, 41 Cal.2d 432, 260 P.2d 63, 65-66. The California cases label them as under the res ipsa loquitur doctrine. Here we are solely concerned with the inference and its burden
 
 
 [2]
 Bourguignon v. Peninsular Ry. Co., 1919, 40 Cal.App. 689, 181 P. 669; cited with approval in Dierman v. Providence Hospital, 1947, 31 Cal.2d 290, 188 P.2d 12; James v. American Buslines, 1952, 111 Cal.App.2d 273, 244 P.2d 503, 504